<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 257 ELIZABETH AVENUE, LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY et al., <br><br> Defendants. | Civil Action No. 12-4091 (ES) (JAD) <br><br> **<u>OPINION</u>** |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon Plaintiffs 257 Elizabeth Avenue, LLC and All In One Automotive Group, LLC (collectively "Plaintiffs") Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a) (the "Motion to Amend"). (ECF No. 57). In accordance with Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiffs' application. After having considered the parties' submissions, and for good cause shown, Plaintiffs' Motion to Amend, (ECF No. 57), is **DENIED**.

I.  BACKGROUND

This action was removed from the Superior Court of the State of New Jersey, Law Division, Essex County on July 3, 2012. (Notice of Removal, ECF No. 1). Plaintiffs brought this matter against Defendant Continental Casualty Company ("Defendant") after submitting a damage claim to Defendant as a result of a fire that occurred on January 25, 2012 at 257 Elizabeth Avenue, Newark, New Jersey. Plaintiffs allege that Defendant's failure to pay the claim resulted in a breach of its contract with Plaintiffs. (Am. Compl., ECF No. 35, ¶¶ 3-4). On July 20, 2015, three years after

the Complaint was filed, Plaintiffs sought leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15. (Pls. Br., ECF No. 57). Specifically, Plaintiffs seek to add as co-defendants the insurance agency and the insureds' broker, Prime Insurance Agency Inc. and Sol Ilowitz, who handled the obtaining of insurance on behalf of the Plaintiffs.

Gershon Matiteeb, Plaintiffs' principal, alleges that he was advised "in a conference call on June 11, 2015, for the first time, that [Shaya Ilowitz,[1] a principal of Prime Insurance] makes it a practice NOT to inspect potential insureds and their property sought to be insured through Prime Insurance[.]" (Pls. Br., Ex. A, ECF No. 57, ¶ 6) (emphasis in original). Defendant argues that "a few days after the fire, on February 16, 2012, Matiteeb was questioned in a recorded interview and identified his signed application for insurance. Thus, there is no question that at this interview . . . plaintiffs knew of the existence of a possible issue with respect to the veracity of the application . . . Plaintiffs clearly had reason to know at least from this investigative event, that the application contained questionable representations of fact relating to the occupancy of the premises". (Def. Opp. Br., ECF No. 58, at 8-9). Additionally, Defendant's "affirmative defenses also raised the issue of misrepresentations in the application . . . and leave could have been sought at that time." (Id. at 9).

Defendant further argues that during Mr. Matiteeb's deposition on October 23, 2013, "the application was reviewed in detail and Matiteeb suggested that there were errors or mistakes on the application. Thus, even though the November 20, 2012 deadline for joinder or amendment to add a party had expired, plaintiffs knew of an application issue as far back as February 16, 2012. In sum, plaintiffs knew of the existence of this issue and never acted upon it until the eleventh hour of this litigation." (Id.) (internal citations omitted). Plaintiffs responded alleging that "Mr.

---

[1] Plaintiffs do not seek to add Shaya Ilowitz as a defendant in this matter.

Matiteeb who speaks English albeit poorly[,] . . . has testified in at least one deposition that he did not really understand some of the questions that were asked. His ability to read English is extremely limited and that has been testified to on several occasions." (Pls. Rep. Br., ECF No. 59, at 2).

## II.     STANDARD OF REVIEW AND DISCUSSION

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No. , 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al. v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 292 F. 3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F. 3d 196, 204

(3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

A proposed amendment "'is futile if the amended complaint would not survive a motion to dismiss.'" County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (U.S. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (U.S. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The burden of establishing that Plaintiffs' proposed amendments are futile is a "heavy" one, "given the liberal standard applied to the amendment of pleadings." Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572 at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA, 05-1771 (JLL), 2013 U.S. Dist. LEXIS 81440, *45 (D.N.J. Feb. 11, 2013) (internal citations omitted). Plaintiffs' application is not, however, governed by Federal Rule of Civil Procedure 15, but rather Rule 16 because the Pretrial Scheduling Order entered by the Honorable Cathy L. Waldor, U.S.M.J. set the date to

amend the Complaint to add new parties for November 30, 2012. (ECF No. 7). That date was never extended by Judge Waldor, nor the Honorable Steven C. Mannion, U.S.M.J., nor this Court, despite the entry of numerous amended scheduling Orders. Accordingly, as explained below, the good cause standard under Federal Rule of Civil Procedure 16 was triggered on December 1, 2012.

Federal Rule of Civil Procedure 16 authorizes a district court to enter pretrial scheduling orders, setting deadlines for the completion of discovery and amendment of pleadings. Rule 16's purpose is to empower the Court to:

> (1) expedit[e] disposition of the action;
> (2) establish[ ] early and continuing control so that the case will not be protracted because of lack of management;
> (3) discourag[e] wasteful pretrial activities;
> (4) improv[e] the quality of the trial through more thorough preparation; and
> (5) facilitat[e] settlement.

Fed. R. Civ. P. 16(a).[2] The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment)); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir.1990) (stating that purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of court system, and actively manage timetable of case preparation to expedite speedy and efficient disposition of cases). The scheduling order

---

[2] See also Fed.R.Civ.P. 16(a) Advisory Committee's note (1983 Amendment) (stating that "scheduling and case management" are express goals of pretrial procedure and emphasized judicial management of motions and discovery); Fed. R. Civ. P. 16(c) advisory committee's note (1993 amendment) (noting the need "to eliminate questions that have occasionally been raised regarding the authority of the court to make appropriate orders designed . . . to provide for an efficient and economical trial.")

5

must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Requiring the court to include a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment; see also Harrison, 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

Rule 16(b) provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A determination of "good cause" under Rule 16 depends on the diligence of the moving party. GlobespanVirata, Inc. v. Texas Instruments Inc., No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005). Specifically, to demonstrate "good cause" pursuant to Rule 16, the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met. Id.; see also Harrison, 133 F.R.D. at 469. The absence of prejudice to the non-moving party does not constitute "good cause" under Rule 16. GlobespanVirata, 2005 WL 1638136, at *3. Only once the party has shown sufficient "good cause" to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a). That is, if the moving party is unable to demonstrate "good cause", the Court will deny the motion and will not proceed to a Rule 15 analysis.

The Court has "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." Phillips, 2006 WL 3069475, at *6. Under some circumstances, good cause may be found based on a "mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the [s]cheduling [o]rder." Id. The most common basis for finding a lack of good cause is the

party's knowledge of the potential claim before the deadline to amend has passed. Dimensional Commc'ns, Inc. v. Oz. Optics, Ltd., 148 Fed. App'x. 82, 85 (3d Cir.2005) (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline."). See also Prime Ins. Syndicate v. United Risk Mgmt. Srvcs., No. 03-1050, 2006 WL 2085388, at *5 (D.N.J. July 25, 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against [the defendant] within the requisite deadlines. In fact, in Plaintiff's brief for this appeal it acknowledges that it 'had knowledge of [the allegations] since October 2004.'"); Harrison, 133 F.R.D. at 469 ("This is most definitely not a motion in which any of defendant's six proposed new affirmative defenses arose from recent discovery in the case.").

The Court finds that Plaintiffs have not satisfied Rule 16's good cause requirement here. Plaintiffs fail to rebut Defendant's argument that Plaintiffs have been aware of the issues relating to these potential defendants long before this motion was filed and indeed before the date to move to amend expired. Although the date to amend the Complaint to add new parties was November 30, 2012, and Mr. Matiteeb's deposition was almost a year after that deadline, Plaintiffs' would have been much more likely to satisfy the Rule 16 good cause standard then, rather than three (3) years later. Because Plaintiffs have not met the "good cause" standard under Federal Rule of Civil Procedure 16, this Court need not address Defendant's remaining arguments on this matter.

### III.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Amend, (ECF No. 57), is **DENIED**. An appropriate form of Order accompanies this Opinion.

JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.